UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNA ORTIZ,

                              Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                     08-CV-6001L

                             v.

DONALD LASKER, JR.,

                              Defendant.
_____

**INTRODUCTION**

Plaintiff Anna Ortiz ("Ortiz") commenced this action against defendant Donald Lasker, Jr. ("Lasker") pursuant to 28 U.S.C. §§ 1331 and 1343(3) seeking a money judgment against Lasker for damages stemming from physical and sexual assaults. (Dkt. #1).  Lasker was personally served with process on January 10, 2008 (Dkt. #8, Att. 3) but has failed to appear or to answer the complaint. On October 3, 2008, the Clerk of the Court entered Lasker's default. (Dkt. #10).

Ortiz now moves for a default judgment pursuant to Fed. R. Civ. P. 5(b)(2). (Dkt. #11).  A copy of that motion was served on Lasker by mail on November 19, 2008.  Ortiz seeks compensatory and punitive damages, in an amount to be determined.

**FACTUAL ALLEGATIONS IN THE COMPLAINT**

According to the complaint, on or about May 28, 2007, plaintiff was an inmate at the Albion Correctional Facility. Lasker was employed at that facility as a correction officer. Ortiz alleges that while she was engaged in cleaning a classroom under Lasker's supervision, Lasker locked the classroom door, and then cornered and attacked her, forcibly subjecting her to a sexual assault. Ortiz states that two weeks later, on June 9, 2007, Lasker again cornered her in a locked classroom, physically battered and verbally abused her. Lasker then allegedly attempted to sexually assault Ortiz, but was interrupted by another correction officer before the rape could be completed.

The complaint alleges causes of action pursuant to 42 U.S.C. §1983, including denial of liberty and due process and infliction of excessive force in violation of the Fourteenth Amendment to the United States Constitution, assault and battery, sexual battery, and intentional infliction of emotional distress. The complaint requests compensatory damages for injuries, lost wages, and medical expenses, as well as punitive damages, costs of this action, and reasonable attorneys fees, all in amounts to be determined.

**MOTION FOR DEFAULT JUDGMENT**

In order to obtain a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2 (W.D.N.Y. 2008). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to the amount of damages. *Id*., 2008 U.S. Dist. LEXIS

39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered Lasker's default and Ortiz has shown that she is entitled to judgment against Lasker based on his failure to respond to the allegations asserted in the complaint. However, the Court cannot take at face value that Ortiz is entitled to the judgment she seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). The Court, therefore, must evaluate the merits of the underlying claim and the relief sought. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.1990). Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

I have reviewed the allegations in the complaint in detail. Accepting as true Ortiz's allegations that Lasker twice cornered her in a locked, isolated classroom, and subjected her to verbal and physical abuse, including but not limited to forcible rape, I am convinced that Ortiz has established her claims of unconstitutional denial of liberty, use of excessive force, assault and battery, and sexual assault, and is entitled to default judgment on those claims. Ortiz has not, however, alleged facts sufficient to establish a claim for intentional infliction of emotional distress

under New York law.  In order to state such a claim, a plaintiff must allege: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress.  *See Brewer v. Brewer*, 34 Fed. Appx. 28, 30 (2d Cir. 2002) (citing *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115 (N.Y. 1993)).  Ortiz has failed to allege intent or disregard of a substantial probability to cause severe emotional distress, and therefore is not entitled to default judgment on her emotional distress claim.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #11) is granted in part, and default judgment is granted to plaintiff on the First, Second, Third and Fourth causes of action alleged in the complaint.  Because plaintiff's damages are not calculable from the face of her pleading, a hearing on damages will be scheduled forthwith pursuant to Fed. R. Civ. Proc. 55(b)(2).  Plaintiff is instructed to file with the Court at least fourteen days prior to the hearing date a list of any witnesses who will testify at the hearing and a summary of their expected testimony, as well as copies of any documentary evidence which she intends to use at the hearing.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 2, 2008.