UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANNA ORTIZ,

                                  Plaintiff,

                                                                      <u>DECISION AND ORDER</u>

                                                                                 08-CV-6001L

                v.

DONALD LASKER, JR.,

                                  Defendant.
_____

       Plaintiff, Anna Ortiz ("Ortiz"), was confined as an inmate at the Albion Correctional Facility during May and June 2007. On two occasions during that time she was assaulted and raped by defendant, Donald Lasker, Jr. ("Lasker"), who was then a correction officer at the facility.

       Subsequent to Ortiz's release, she commenced this action against Lasker for a violation of her constitutional rights pursuant to 42 U.S.C. § 1983. Ortiz alleges use of excessive force, in addition to assault and battery. Although served with the complaint, Lasker defaulted and the Clerk entered Default (Dkt. #10) on October 3, 2008. Thereafter, Ortiz filed for default judgment. This Court granted the motion (Dkt. #14) but directed that an inquest be held concerning damages pursuant to FED. R. CIV. P. 55(b)(2). The Court held that hearing on August 3, 2010 and took testimony from Ortiz and her husband, Jorge Ortiz. The Court also received medical records

concerning Ortiz's care and treatment, as well as the transcript of defendant Lasker's guilty plea to rape in the third degree in Orleans County Court on October 15, 2007.

The issue before this Court is the proper amount of damages that should be awarded to Ortiz in this § 1983 action alleging sexual assault by Correction Officer Lasker. In light of the evidence presented at the hearing, as well as the exhibits produced, I find by a preponderance of the evidence that the plaintiff Anna Ortiz is entitled to compensatory damages in the sum of $250,000, and punitive damages in the sum of $250,000.

Ortiz testified at the hearing that she had been confined to the Albion Correctional Facility for a violation of probation. She had been confined there for a few months when two separate incidents occurred involving defendant Lasker. On one occasion, Lasker directed her to report to a school building to clean that area. Ortiz testified that she thought the order was a strange one because it was on a weekend when she normally did not work. She went to that area, however, which was unoccupied except for Lasker. At that time, Lasker assaulted Ortiz and attempted to rape her. That attack, though, was interrupted when another officer came near the area.

Several weeks later, though, Lasker again directed Ortiz to go to the school building. When she arrived she noticed several folders on a table and Lasker told her that he intended to have sexual intercourse with her on the table. Ortiz thought Lasker was joking, but he then grabbed her, tore off some of her clothing and did have sexual intercourse with her.

Ortiz testified that she had never had any prior sexual contact with Lasker and on the date in question she fought him and attempted to resist as long as she could. Ortiz reported the incident, and she was taken to a hospital and interviewed there by the New York State Police and was soon

transferred to another facility. Lasker was arrested and eventually pleaded guilty to rape in the third degree.

Both Ortiz and her husband, Jorge, testified about the physical and psychological affect that this assault had on plaintiff. Her date of birth is June 12, 1973, so she was approximately 34 years old when the assault occurred. She received counseling while in prison during the balance of her term (approximately 1 ½ years). She had significant psychological problems there and continues now to be upset about the incident. She has trouble sleeping, experiences nightmares and has taken several medications to relieve the symptoms. Even now, in 2010, she continues to receive counseling and takes medication. She believes that she suffers from post traumatic stress disorder and experiences a high level of anxiety and fears that she may be raped and attacked again. She also testified that she has had difficulty having normal sexual relations with her husband and continues to be depressed, suffers mood swings and is on medication.

A report was received from the Clearview Center where Ortiz receives counseling. (Ex. 3). In that report, one of Ortiz's counselors, Marion Truax reported in July 2010, that Ortiz had been attending counseling sessions on a bi-weekly basis since February 2009. Truax reported that Ortiz consistently described post traumatic stress symptoms, including a high level of anxiety with flashbacks and hopelessness. Ortiz has had difficulty feeling safe and fears being raped again by her attacker. The medical reports also show that Ortiz received counseling for certain behavioral problems with her two young children. Ortiz had a history of alcohol and substance abuse but according to the records, she had been sober for over five years.

Hospital reports taken at the time of the incidents showed that plaintiff had some minor bruising but no other observable physical injuries.

The Court must award damages in an amount that will fairly compensate plaintiff for her physical and emotional suffering. In this case, the actual physical injury is relatively modest but the psychological and emotional suffering is intense and has persisted for several years. I credit plaintiff's testimony and that of her husband concerning the change in plaintiff's behavior and mental state subsequent to the attack on her. I accept plaintiff's testimony and those of her counselor that she suffers from classic symptoms of post traumatic stress disorder as outlined by the counselor. These are persistent and continuing results of the assault on her.

I also considered state and federal court decisions discussing awards in somewhat similar circumstances. *E.g., Mathie v. Fries,* 121 F.3d 808 (2d Cir. 1997). Judge Newman discusses some of the same symptoms in *Mathie* that plaintiff suffers in the instant case, and he also notes that the distress of the plaintiff inmate is "invariably aggravated by the fact that the acts were committed by a jailer upon an inmate in his custody." 121 F.3d at 814.

In light of all the above, I award plaintiff the sum of $250,000 for compensatory damages and $250,000 in punitive damages for a total award of $500,000. Plaintiff may have judgment accordingly against the defendant Donald Lasker, Jr.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 30, 2010.